# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN REID-DOUGLAS,** | : | Civil No. 1:10-CV-2049 |
| | : | |
| Plaintiff, | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **TIMOTHY HARDING, et al.,** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

This is a *pro se* prisoner civil rights action, in which there is a pending motion to dismiss. (Doc. 69.) The plaintiff has also filed a motion to strike this motion to dismiss, (Doc. 77.), which is in reality a response in opposition to the motion to dismiss which argues the merits of this motion. Because a motion to strike serves a limited and narrow purpose under federal law, and is disfavored under the law, this motion to strike will be denied without prejudice to the plaintiff raising any claims he wishes to present in his response to the pending motion for dismiss.

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

While rulings on motions to strike rest in the sound discretion of the court, <u>Von Bulow v. Von Bulow</u>, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." <u>Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc</u>., 677 F.2d 1045, 1057 (5th Cir. 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' <u>Lunsford v. United States</u>, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 <u>Wright & Miller, Federal Practice and Procedure. Civil</u> § 1380 at 783 (1969)). <u>See also</u> <u>Resolution Trust Corp. v. Gibson</u>, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 12.37[1] (3d ed. 2000)." <u>Stanbury Law Firm v. I.R.S.</u>, 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. <u>Ruby v. Davis Foods, Inc</u>., 269 F.3d 818, 820 (7th Cir. 2001). Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature,

2

argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill.,1993), citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D.Ill.1990), and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D.Ill.1982).

In this case, upon consideration of the defendant's motion to strike, we find that it is in essence a pleading which opposes the motion to dismiss filed in this action, and argues the ultimate merits of that motion. Recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that the defendant has not shown that the motion to remand filed by the plaintiff is both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike. However, because we understand the concerns that motivated the plaintiff to file this pleading, the Court will deny this

motion without prejudice to the plaintiff advancing any of the arguments set forth in this motion in his response to the pending motion.

Accordingly, for the foregoing reasons, the plaintiff's motion to strike (Doc. 77.) , is DENIED without prejudice to advancing any of the arguments in this motion in his response to the pending motion for dismiss filed in this action.

So ordered this 17th day of December 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
